UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT DESHON COLEMAN,

    Petitioner,

        v.                           CAUSE NO. 3:25-CV-788-HAB-ALT

WARDEN,

    Respondent.

## OPINION AND ORDER

Robert Deshon Coleman, a prisoner without a lawyer, filed a habeas petition

challenging the disciplinary decision (ISP 25-4-1534) at the Indiana State Prison in

which a disciplinary hearing officer (DHO) found him guilty of battering staff in

violation of Indiana Department of Correction Offense 117. Following a hearing, he was

sanctioned with a loss of 180 days earned credit time and a demotion in credit class.

Coleman argues that he is entitled to habeas relief because the administrative

record lacks sufficient evidence to support a finding of guilt. He contends that the

administrative record lacks any indication of an injury, that the video recording

summary is inconsistent with the conduct report, and that he should have been charged

with a lesser offense.

> [T]he findings of a prison disciplinary board [need only] have the
> support of some evidence in the record. This is a lenient standard,
> requiring no more than a modicum of evidence. Even meager proof will
> suffice, so long as the record is not so devoid of evidence that the findings
> of the disciplinary board were without support or otherwise arbitrary.
> Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the
> evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines Offense 117 as "committing battery against a staff person, volunteer, independent contractor, or visitor." ECF 6-9 at 3. It further defines battery as "knowingly or intentionally touching another person in a rude, insolent, or angry manner." ECF 6-10 at 3. The administrative record contains a conduct report in which Officer Royal represented that Coleman grabbed her buttocks as she secured the cellhouse range. ECF 6-1. It also contains a video recording summary in which a correctional officer represents that Officer Royal was locking up another inmate's cell when Coleman walked behind her, extended his left arm, touched her, and continued walking down the range. ECF 6-5. It also includes the video recording itself, which the court has reviewed and found consistent with the video recording summary and the conduct report. ECF 10.

The conduct report and the video recording constitute some evidence that Coleman committed battery against Officer Royal as defined by departmental policy. Departmental policy does not define the offense as requiring injury but instead merely requires a rude touching. Nor is there any material inconsistency between the conduct report or the video recording summary. Therefore, the claim that the administrative record lacked sufficient evidence is not a basis for habeas relief.

Coleman argues that he is entitled to habeas relief because correctional staff denied his request for a witness statement from Officer Royal. "[T]he inmate facing

disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

The administrative record indicates that Coleman requested a witness statement from Officer Royal to show that he did not try to injure her or harm her in a violent way. ECF 6-2. However, the screening officer denied the request because Coleman "made physical contact" and that it did not matter whether he did so violently or caused her injury. ECF 6-2. To the screening officer's point, the severity of the harm did not matter for purposes of determining Coleman's guilt under Offense 117. It might have mattered for purposes of assessing sanctions in a different case, but, here, Coleman did not need to furnish evidence showing a lack of injury because correctional staff never accused Coleman of injuring or incurring substantial physical harm on Officer Royal. In other words, the lack of injury was entirely undisputed within the administrative record. Moreover, Officer Royal had already provided a statement in the form of the conduct report. Because correctional staff reasonably denied the request for evidence, this claim is not a basis for habeas relief.

Finally, Coleman argues that he is entitled to habeas relief because the hearing officer demonstrated improper bias by finding him guilty and sanctioning him while knowing that the evidence was insufficient and that he had been denied a witness

statement from Officer Royal. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). "Due process does forbid officials who are directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof, from serving on the board hearing the charge." *Id.* at 667.

While the hearing officer found Coleman guilty and sanctioned him, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). Further, as detailed above, the administrative record has ample evidence to support the finding of guilt, and correctional staff reasonably denied his request for a witness statement. Consequently, the claim of improper bias is not a basis for habeas relief.

Because Coleman has not asserted a valid claim for habeas relief, the habeas petition is denied. If Coleman wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Robert Deshon Coleman leave to proceed *in forma pauperis* on appeal.

SO ORDERED on July 8, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT